DERING *v.* DETROIT UNITED RAILWAY.

ADJOURNMENT—WITNESS—ABSENCE—GROUNDS.

> Defendant's case was originally set down for trial at a
> date named, and was thereafter called a day earlier upon
> less than 24 hours' notification. After the selection of a
> jury, which took half a day, defendant's attorney applied
> for an adjournment until the following morning to enable
> one of the chief witnesses for the defendant to be secured,
> who lived in another State, and who could not be present
> in time to testify unless the court should grant the ad-
> journment. There was testimony tending to show a vig-
> orous effort to get the witness. *Held,* that the right was
> improperly refused and the court should have granted the
> application.

Error to Wayne; Mandell, J. Submitted January
4, 1916. (Docket No. 15.) Decided September 27,
1916.

Case by August Dering against the Detroit United
Railway for personal injuries. Judgment for plain-
tiff. Defendant brings error. Reversed.

*Corliss, Leete & Moody* and *William G. Fitzpatrick,*
for appellant.

*Walter E. Martin* and *William Ellsworth,* for ap-
pellee.

BIRD, J. Plaintiff brought suit to recover compen-
sation for injuries which he received at the intersec-
tion of Rowena and Hastings streets in the city of
Detroit, while attempting to board one of defendant's
cars. His claim is that, when the car stopped at the
usual stopping place, he took hold of the handle on the
front end of the car, but before he could board the car
it started and threw him down, and dragged him for

a considerable distance.   The trial resulted in a verdict for plaintiff of $400.   Defendant assigns error on the refusal of the trial court to grant a brief adjournment of the case to enable it to produce as a witness the conductor of the car.

It appears that the case was set down for trial November 18, 1914.   Late in the afternoon of November 16th, defendant's counsel were notified that the case then on trial had been suspended to enable one of the counsel engaged therein to be in attendance upon this court in the city of Lansing, and that this case would be called on the morning of November 17th, a day sooner than was anticipated; that the examination of witnesses began on the morning of November 17th, and was finished soon after the midday recess, whereupon defendant's counsel, Mr. Fitzpatrick, applied for an adjournment until morning, so that the conductor, Mr. Schaefer, could be used as a witness in defendant's behalf, and in support thereof he showed that, sometime after the accident, the conductor of the car left defendant's employment, and on the 16th it was learned that he had moved to East Palestine, in the State of Ohio, 225 miles distant from Detroit; that upon the forenoon of the 17th the defendant had gotten into communication with him by telephone and telegraph, and that he had answered he would leave his home that evening and arrive in Detroit the next morning in season for court.   Upon this showing the trial court refused to grant the adjournment.   It was further shown by defendant upon the motion for rehearing that, at the time the case was taken up on the morning of the 17th, the trial court made inquiry as to how long it would take to try the case, and defendant's counsel replied that it would probably take a day and a half, and that plaintiff's counsel were of the same opinion.   Plaintiff's counsel, however, do not recall this conversation.   They filed affidavits in oppo-

sition to the application for a rehearing, in the trial court, but have filed no brief in opposition to a new trial in this court. The motion for a rehearing was denied. In denying the motion for a new trial, the court said:

"*First.* The testimony now offered, being that of the witness Schaefer, is merely cumulative.

"*Second.* Nothing was stated to the court at the opening of the trial of the inability to proceed to trial, and the court did not know and had no means of knowing that Schaefer's presence at the trial might not be secured, and in fact did not know that Schaefer was to be produced as a witness for the defendant. The case was brought on for trial in the regular way, although perhaps a day earlier than was expected, and I am of the opinion that if due diligence had been exercised the defendant would have been aware that the witness Schaefer had changed his residence, and at the time of the trial did not reside within the city of Detroit. It does not appear that any effort was made on the part of the defendant to obtain Schaefer's attendance at the trial until after the trial had been begun."

It appears to be conceded that the case was called a day earlier than it had been set down for, and that defendant's counsel was not notified of the fact until late in the afternoon of November 16th. It further appears that on the 16th an effort was made by the defendant to locate the witness Schaefer, and that it did not get in touch with him until the forenoon of November 17th, after the trial was in progress. The forenoon of November 17th was exhausted in the examination of witnesses, as well as a portion of the afternoon session. Counsel for defendant claims, and it does not appear to be disputed, that, had said adjournment been granted, it would not have involved a loss of to exceed an hour and a half of the court's time. It is obvious from the testimony introduced that the conductor was an important witness, and that he was beyond the jurisdiction of the court, and could

not be forced to attend, but had promised to be present on the morning of the 18th, the day the case had theretofore been set down for trial, and within the time which counsel announced at the beginning it would take to try the case. We are of the opinion that the trial court should have granted this brief adjournment. We are not unmindful of the pressure of work in the Wayne circuit courts, and we recognize the fact that, in order to keep apace with the work, the time of the courts must be improved; but not infrequently the refusal of a request of this character is more apt to add to the work than to diminish it. We are of the opinion that the trial court did not give as much consideration as he should have done to the fact that the witness Schaefer could not be forced into court at the pleasure of counsel, and that, in dealing with witnesses outside of the jurisdiction of the court, their wishes in a measure must be respected. While the judgment is not large, we are of the opinion that, under the conditions as they existed, the adjournment should have been granted.

The case will be reversed, with costs to defendant.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.